1  SHIRLEY C. WANG (SBN 187635)
   swang@daviswanglaw.com
2  DAVIS WANG
   625 Market Street, 12th Floor
3  San Francisco, California 94105
   Telephone:    (415) 278-1400
4  Facsimile:    (415) 278-1401

5  Attorneys for Defendant
   TENDERLOIN HOUSING CLINIC, INC.

6

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9

10 SHARON FENNIX, individually, and on          Case No.: 4:20-cv-005207-DMR
   behalf of all others similarly situation,
11                                              [*Removed from San Francisco Superior Court,*
                                                Case No. CGC-20-584834]
12                        Plaintiff
                                                **DEFENDANT TENDERLOIN HOUSING
13 v.                                           CLINIC, INC.'S NOTICE OF MOTION AND
                                                MOTION TO DISMISS PLAINTIFF
14 TENDERLOIN HOUSING CLINIC, INC.,             SHARON FENNIX'S COMPLAINT
   a California corporation; and DOES 1         PURSUANT TO FED. R. CIV. P. 12(b)(6)**
15 through 10, inclusive
                                                Hearing Date:    September 10, 2020
16                        Defendants.           Time:            1:00 p.m.
                                                Courtroom:       4
17
                                                *[Concurrently filed with: Memorandum of Points
18                                              and Authorities; Request for Judicial Notice; and
                                                [Proposed] Order]*
19
                                                Complaint Filed:  June 9, 2020
20                                              Removal Date:     July 29, 2020

21

22

23

24

25

26

27

28

*Davis Wang*
*A Professional Law Corporation*
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

## NOTICE OF MOTION TO DISMISS

**TO THE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on September 10, 2020, at 1:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Donna M. Ryu in Courtroom 4 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, CA, Defendant TENDERLOIN HOUSING CLINIC, INC. ("THC") will and hereby does seek an Order dismissing Plaintiff SHARON FENNIX's ("Plaintiff") Complaint, and all Causes of Action alleged therein, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Court can and should dismiss these claims without leave to amend because the allegations fail to state a claim upon which relief may be granted. Plaintiff's claims for (1) failure to pay minimum and straight time wages; (2) failure to pay overtime compensation; (3) failure to provide meal periods; (4) failure to authorize and permit rest periods; (5) failure to indemnify necessary business expenses; (6) failure to timely pay final wages at termination; (7) failure to provide accurate itemized wage statements; and (8) unfair business practices are preempted under the Labor Management Relations Act of 1947 because a valid collective bargaining agreement applies and Plaintiff failed to exhaust the required grievance procedures. Additionally, there are numerous other defects in the Complaint. Plaintiff lacks standing to pursue injunctive relief against THC because she is a former employee who is not seeking reinstatement. Plaintiff also seeks derivative wage statement and waiting time penalties for unpaid meal period premiums, which are not permitted under California law. Plaintiff's untimely payment of wages claim must also be dismissed because it is really an unpaid wages claim. Finally, Plaintiff's overtime claim must be dismissed because she has failed to allege sufficient facts to support it.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities and Request for Judicial Notice, the accompanying Declaration of Jaime Quijano, all matters which may be judicially noticed pursuant to Rule 201 of the Federal Rules of Evidence, the Court's files and records in this action, and any such other evidence and arguments as may be made or presented at or before the hearing on the Motion.

DEFENDANT TENDERLOIN HOUSING CLINIC, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF
SHARON FENNIX'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

1    Dated: August 5, 2020                    DAVIS WANG

2

3                                        By:_____

4                                            Shirley C. Wang
                                             Attorneys for Defendant Tenderloin Housing Clinic,
5                                            Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT TENDERLOIN HOUSING CLINIC, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF
SHARON FENNIX'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................9

II.   STATEMENT OF FACTS ....................................................................................9

     A.    Procedural History ..................................................................................9

     B.    Plaintiff's Allegations ...........................................................................10

     C.    Summary of the Governing Collective Bargaining Agreement..................10

III.   LEGAL ARGUMENT ........................................................................................14

     A.    Legal Standard for Motion to Dismiss..................................................14

     B.    The Governing CBA is a Proper Subject of Judicial Notice. ...................15

     C.    Plaintiff's Overtime Claim is Preempted Under the LMRA Because the Labor Code § 514 Exemption Applies and Any Claim Therefore Exists Solely as a Result of the CBA.....................................................................................15

     D.    Plaintiff's Untimely Payment of Wages Claim is Preempted Under the LMRA Because the Labor Code § 204(c) Exemption Applies and Any Claim Therefore Exists Solely as a Result of the CBA. ............................................17

     E.    Plaintiff's Meal Period Claim is Preempted Under the LMRA because the Labor Code § 512(e) Exemption Applies and Any Claim Therefore Exists Solely as a Result of the CBA...........................................................................18

     F.    Plaintiff's Meal and Rest Period Claims are Preempted Because They Require Substantial Interpretation of the Collective Bargaining Agreement. .............19

     G.    Plaintiff's Expense Reimbursement Claim is Preempted Under the LMRA Because it Requires Substantial Interpretation of the Collective Bargaining Agreement. ....................................................................................................22

     H.    Plaintiff's Sixth, Seventh and Eighth Causes of Action Are Derivative and Fail to State a Claim for Relief and Must Be Dismissed. .............................24

     I.    Plaintiff's Failure to Reference the CBA in the Complaint is Irrelevant...................24

     J.    Plaintiff's Claims Must Be Dismissed Because Plaintiff Failed to Grieve or Arbitrate Her Preempted Claims Prior to Filing This Action. ....................25

     K.    Plaintiff Lacks Article III Standing to Seek Injunctive Relief as a Remedy for the Business and Professions Code Claim. ...............................................26

     L.    Meal Period Premiums Cannot Support Derivative Wage Statement and Waiting Time Penalties. ........................................................................26

     M.    Plaintiff's Claim for Untimely Payment of Wages is Really a Claim for Unpaid Wages and Must be Dismissed. ..................................................27

     N.    Plaintiff has Failed to Allege Sufficient Facts to Support her Unpaid

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

Davis Wang
A Professional Law Corporation

DEFENDANT TENDERLOIN HOUSING CLINIC, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF SHARON FENNIX'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

1           Overtime Claim..................................................................................................27

2 IV.    CONCLUSION................................................................................................................27

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

625 Market Street, 12th Floor, San Francisco, CA 94105 ● Telephone: (415) 278-1400 ● Facsimile: (415) 278-1401

Davis Wang
A Professional Law Corporation

DEFENDANT TENDERLOIN HOUSING CLINIC, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF
SHARON FENNIX'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

## **TABLE OF AUTHORITIES**

## **CASES**

*Abrego v. Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006) .................................................. 15

*Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202 (1985) ........................................................................ 25

*Araquistain v. Pac. Gas & Elec. Co.*, 229 Cal. App. 4th 227, 236-38 (2014) ......................... 18, 19

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).......................................... 14

*Barajas v. Tharaldson Hosp. Staffing, LLC*, No. 519CV01275ABKKX, 2019 WL
   8013414, at *5 (C.D. Cal. Oct. 22, 2019) ..................................................................................... 27

*Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 865 (9th Cir. 2017) ................................................ 26

*Blackwell v. Skywest Airlines, Inc.*, 2008 WL 5103195 at *14 (S.D. Cal. Dec. 3, 2008).............. 19

*Bradford v. Prof'l Tech. Sec. Servs. Inc. (Protech)*, No. 20-CV-02242-WHO, 2020 WL
   2747767, at *4 (N.D. Cal. May 27, 2020) ............................................................................... 17, 24

*Buck v. Cemez*, 2014 WL 5430422 at *4 (E.D. Cal. Oct. 24, 2014)................................................ 26

*Busey v. P.W. Supermarkets, Inc.*, 368 F. Supp. 1045, 1049 (N.D. Cal. 2005) ............................. 15

*Carr v. Pacific Maritime Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990)........................................... 26

*Cleveland v. Groceryworks.com, LLC*, 2016 WL 4140504, at *18 (N.D. Cal. Aug. 4,
   2016) .............................................................................................................................................. 22

*Cole v. CRST, Inc.*, 317 F.R.D. 141, 144-45 (C.D. Cal. 2016)....................................................... 21

*Consol. Rail Corp. v. Ry Labor Execs. Ass'n*, 491 U.S. 299, 302 (1989)...................................... 21

*Curtis v. Irwin Indus.*, 913 F.3d 1146, 1153-54 (9th Cir. 2019)...............................................passim

*Estrada v. Kaiser Found. Hosps.*, 678 F. App'x 494, 496 (9th Cir. 2017) .............................. 15, 24

*Estrada v. Kaiser Found. Hosps.*, No. C-14-04465 DMR, 2014 U.S. Dist. LEXIS
   177899, at *23-28 (N.D. Cal. Dec. 29, 2014)......................................................................... 15, 24

*Frausto v. Bank of Am., Nat'l Ass'n*, No. 18-cv-01983-MEJ, 2018 U.S. Dist. LEXIS
   130220, at *25-27 (N.D. Cal. Aug. 2, 2018) ................................................................................. 26

*Greenly v. Sara Lee Corp.*, 2006 WL 3716769 at *4 (E.D. Cal. Dec. 15, 2006) ................... 19, 22

*Hadjavi v. CVS Pharm., Inc.*, 2010 WL 7695383, *2 (C.D. Cal. Sept. 22, 2010)........................ 27

*Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 192 (C.D. Cal. 2015) .............. 15, 24

*Hines v. Anchor Motor Freight, Inc.* 424 U.S. 554, 563 (1976)...................................................... 25

*Johnson v. Hewlett-Packard Co.*, 809 F.Supp.2d 1114, 1136 (N.D. Cal. 2011) ........................... 27

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

**Davis Wang**
*A Professional Law Corporation*

*Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1036-37 (9th Cir. 2016) ........... 25, 26

*Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) ...................................... 14

*Landy v. Pettigrew Crewing, Inc.*, No. 219CV07474RGKAFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) ............................................................................................................ 17

*Linebarger v. Graphic Packaging Int'l, LLC*, No. SACV2000309JVSJDEX, 2020 WL 1934958, at *6 (C.D. Cal. Apr. 22, 2020) ............................................................................... 23

*Marquez v. Toll Glob. Forwarding (USA) Inc.*, No. 218CV03054ODWASX, 2018 WL 3218102, at *2 (C.D. Cal. June 28, 2018) ..................................................................... 16, 19, 22

*Marquez v. Toll Glob. Forwarding,* 804 F. App'x 679, 679 (9th Cir. 2020) .................. 16, 18, 19

*Naranjo v. Spectrum Sec. Servs., Inc.*, 40 Cal. App. 5th 444, 474 (2019) ................................... 27

*Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir.1998) ............................................................ 15

*Pette v. Int'l Union of Operating Engineers*, 2016 WL 4596338, at *9-11 (C.D. Cal. Sept. 2, 2016) ...................................................................................................................... 25

*Porter v. Quillin*, 123 Cal. App. 3d 869, 874 (1981) .................................................................. 22

*Richards v. Ernst & Young LLP*, No. 08-4988 JF (HRL), 2010 WL 682314, *3 (N.D. Cal. Feb. 24, 2010) ............................................................................................................... 26

*See's Candy Shops, Inc. v. Sup. Ct.*, 210 Cal.App.4th 889, 905 (2012) ...................................... 27

*Singer v. Becton, Dickinson & Co., Med-Safe Sys.*, 2008 WL 2899825, *3 (S.D. Cal. July 23, 2008) ........................................................................................................................... 27

*Stone v. Writer's Guild of Am. West Inc.*, 101 F.3d 1312, 1313-14 (9th Cir. 1996) .................... 15

*Torres v. Wells Fargo Bank, N.*A., 2016 U.S. Dist LEXIS 163159, at *19 (C.D. Cal. Oct. 12, 2016) ......................................................................................................................... 24

*Util. Workers of Am., Local No. 246 v. So. Cal. Edison Co.*, 852 F 2d. 1083, 1086 (9th Cir. 1988) ........................................................................................................................ 25

*Vaca v. Sipes*, 386 U.S. 171, 184 (1967) .................................................................................... 26

*Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 107 (2014) ........................................... 16

*Ward v. Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2008) ....................................... 14, 15

*Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ................................. 25


**STATUTES**

Cal. Labor Code § 204 ...................................................................................... 17, 18, 27

Cal. Labor Code § 512 .......................................................................................... 18, 19, 25

Davis Wang

*A Professional Law Corporation*

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

DEFENDANT TENDERLOIN HOUSING CLINIC, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF
SHARON FENNIX'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Cal. Labor Code § 514 ................................................................................................... 15, 16, 17

Fed. R. Civ. P. 12(b)(6)............................................................................................................ 14, 15

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

**Davis Wang**

*A Professional Law Corporation*

DEFENDANT TENDERLOIN HOUSING CLINIC, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF
SHARON FENNIX'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff's Sharon Fennix's ("Plaintiff") employment with defendant Tenderloin Housing Clinic, Inc. ("THC") was governed by a collective bargaining agreement negotiated by the Service Employees International Union, CTW Local 1021 (the "Union"). The collective bargaining agreement largely provides for better pay and working conditions than the minimum required by the California Labor Code. It also provides a binding grievance and arbitration procedure to resolve disputes, which Plaintiff failed to follow.

Each of Plaintiff's claims should be dismissed because they fail to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6). Indeed, all of Plaintiff's claims are preempted by the Labor Management Relations Act of 1947 ("LMRA").

There are numerous additional defects in the Complaint that require dismissal by the Court. Plaintiff lacks standing to pursue injunctive relief against THC because she is a former employee who is not seeking reinstatement. Plaintiff also seeks derivative wage statement and waiting time penalties for unpaid meal period premiums, which are not permitted under California law. Plaintiff's untimely payment of wages claim must also be dismissed because it is really an unpaid wages claim. Finally, Plaintiff's overtime claim must be dismissed because she has failed to allege sufficient facts to support it.

For the foregoing reasons and the ones set forth below, Plaintiff's entire Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### II.   STATEMENT OF FACTS

#### A.  Procedural History

On June 9, 2020, Plaintiff Sharon Fennix ("Plaintiff"), individually and on behalf of all persons similarly situated, filed a complaint in the Superior Court of California, County of San Francisco, Case No. CGC-20-584834 ("the Complaint"). *See* ECF No. 1 Complaint. THC filed a notice of removal in this action on July 29, 2020, based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446. *Id.* Plaintiff alleges the following causes of action:  (1) failure to pay minimum and straight time wages; (2) failure to pay overtime compensation; (3) failure to provide meal periods; (4)

Davis Wang
A Professional Law Corporation

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

failure to authorize and permit rest periods; (5) failure to indemnify necessary business expenses; (6) failure to timely pay final wages at termination; (7) failure to provide accurate itemized wage statements; and (8) unfair business practices. *Id*. (Complaint).

**B.  Plaintiff's Allegations**

Plaintiff worked as a Case Manager for Defendant THC from on or about October 3, 2018 until on or about September 3, 3019. Declaration of Jaime Quijano In Support of Defendant Tenderloin Housing Clinic, Inc.'s Motion to Dismiss Plaintiff Sharon Fennix's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Quijano Decl.") ¶ 3. The terms and conditions of Plaintiff's employment with THC were subject to and governed by a Collective Bargaining Agreement (herein referred to as the "CBA") between THC and the Service Employees International Union, CTW Local 1021, ("the Union") which was effective from July 1, 2017 through June 30, 2020. Quijano Decl. ¶ 4, Exhibit 1, CBA; *see also* Defendant's Request for Judicial Notice in Support of Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("RJN"), Exhibit 1, CBA. The Union represents THC's employees and Plaintiff was at all relevant times a THC employee who was thereby represented by the Union. Quijano Decl. ¶¶ 3-4, Ex. 1. Plaintiff's employment was governed by the CBA between THC and the Union. Quijano Decl. ¶¶ 3-4, Ex. 1.

**C.  Summary of the Governing Collective Bargaining Agreement**

The CBA between THC and the Union governs Plaintiff's wages, hours, and conditions of employment. Quijano Decl., Ex. 1; RJN, Ex. 1. Plaintiff's allegations involve claims that all arise under the enforcement of the CBA. The CBA between THC and the Union, specifically addresses: (1) the employees' rates of pay, the payment of overtime, and the overtime rates, (2) the employees' entitlement to take meal and rest periods, the manner in which the meal and rest periods are authorized and permitted, (3) the timing of THC's payment of wages to employees, and (4) THC's reimbursement of employee expenses. Quijano Decl., Ex. 1; RJN, Ex. 1. The CBA also includes a broad provision regarding the grievance and binding arbitration procedure for resolving disputes, which is the exclusive forum for resolution of the claims Plaintiff alleged in her Complaint. Quijano Decl. ¶ 5, Ex. 1, Article 6.

The CBA contains the following relevant provisions:

**Article 6 – Grievance Procedure:**

Davis Wang
*A Professional Law Corporation*
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

<u>Section 1. Discipline And Contract Interpretation</u>
In the event a dispute arises with reference to the interpretation or enforcement of this CBA, the following procedure shall be followed, provided that the matter be presented to grievance within five (5) business days for discipline and ten (10) business days for issues involving interpretation or application of this CBA, otherwise the right of grievance is lost. The purpose of the procedure set forth below is to provide the Employer, the Employees, and the Union an orderly means of resolving disputes, which may arise between them. NOTE: Special Expedited Procedure Applies to Terminations.

<u>Section 2. Grievance Defined</u>
A grievance is a claim by an Employee or the Union concerning the interpretation or application of this CBA.  The written, formal grievance shall contain a clear, brief statement of the issue, the date of the violation, the section(s) of the CBA allegedly violated, the proposed remedy, and shall be signed by the aggrieved party.  The aggrieved party shall have the right to representation by a Shop Steward and/or Union Field Representative at each step of the grievance procedure.

Examples of Grievable and Non-Grievable Issues:
Grievable:
 • Terminations after 90 day probationary period
 • Demotions or salary reductions
 • Suspensions without pay
 • Violations of state, federal or local law, including violations of health and safety codes
 • Breach of terms of the contract
Non-grievable
 • Terminations during 90 day probationary period
 • Disciplinary actions other than those cited above (e.g. written or verbal warnings not resulting in a consequence).
  o If, however, a written or verbal warning is subsequently introduced in a disciplinary action "with consequences" any and all written or verbal warnings in the personnel file shall be subject to the grievance procedure.
  o Written warnings must be completed on a form that permits the Employee to sign the document with the condition "I acknowledge receipt of this written warning but do not necessarily agree with the facts or the discipline."
  o Employees shall be given a copy of all disciplinary warnings
  o Employees may attach a rebuttal to any warning, which will be included in the personnel file. Failure to offer a rebuttal does not waive any legal rights.
 • Voluntary resignations, including Employees who do not show up for work and do not follow the proper call in procedures for three consecutive days ("no call, no show")

<u>Section 3. Procedure</u>
When an Employee has a problem they inform their supervisor, with or without the assistance of a Shop Steward and/or Union Field Representative, and attempts to resolve the problem informally by discussing the issue.

Step 1. If there has been no informal resolution of the dispute by the Employee and the Employee's supervisor, the next step to address the grievance is for the Employee to submit a written statement of the grievance to the Human Resources Director. It is the Human Resources Director's responsibility to supply a copy of the grievance to the Department Director or Designee; to respond in writing within ten (10) business days after receipt to the Union and Employee who filed the grievance.

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

**Davis Wang**
*A Professional Law Corporation*

Step 2. If the grievance is not satisfactorily resolved or if no answer is given within the time specified in Step 1, the Union Shop Steward or the Employee who filed the grievance may contact the Deputy Director or their designee in writing to request a meeting to hear the grievance within five (5) business after the start of the Step 2 process. The Deputy Director or their designee shall reply to the grievance within ten (10) business days following such meeting.

Step 3. If the grievance is not satisfactorily resolved in Step 2, or if no answer is given within the time specified in Step 2, the Union may, by written notice to the Executive Director within five (5) business days for discipline or discharge and in ten (10) business days for issues involving interpretation or application of the CBA after the Step 2 response, or on the last day which the answer was due if none was given, requests that the grievance be heard by the Executive Director or his/her designee within five (5) business days after receipt of the notice. The Employer shall reply to the grievance within ten (10) business days after the Step 3 grievance meeting.

Step 4. If, within ten (10) business days following the Step 3 grievance meeting the grievance is not satisfactorily resolved, or if no answer is given within the time specified, the Union may request for final and binding arbitration. The parties will attempt to agree upon an impartial arbitrator. In the event the parties are unable to agree upon an impartial arbitrator, then either party may request a panel of seven (7) arbitrators from the Federal Mediation and Conciliation Service (FMCS) within fifteen (15) business days of the notice requesting arbitration to select an arbitrator to hear and resolve the grievance. The parties shall flip a coin to determine which party will strike first name from the panel, and then shall proceed. The arbitrator selected shall hear the grievance as soon as possible.

The Parties may agree to utilize FMCS for mediation prior to, or as an alternative to, arbitration.

The expenses of the arbitration shall be shared by the parties. Each party shall bear the cost of its own representatives and witnesses.  The arbitrator selected shall not have the authority or jurisdiction to add to, subtract from, change, alter or modify any of the terms of this contract. The decision of the Arbitrator shall be final and binding upon the parties.

The time limits listed in the grievance procedure may be extended by mutual written agreement between the parties.

<u>Section 4. Expedited Arbitration</u>
By mutual agreement the Union and the Employer may agree to utilize the following expedited arbitration procedure. The arbitrator shall be selected in the regular manner or may be a mediator from the FMCS
sitting as an arbitrator.
    1) All efforts shall be made prior to the hearing to stipulate to the facts and the evidence to the record;
    2) No attorneys shall be used. However the parties shall have the right to other representation;
    3) There shall be no stenographic record of the proceedings;
    4) Only oral closing arguments shall be used; no briefs will be permitted to be filed;
    5) Only a bench decision shall be required. The arbitrator may write a one page decision if mutually requested by the parties.

Quijano Decl., Ex. 1, Article 6.

625 Market Street, 12th Floor, San Francisco, CA 94105 ● Telephone: (415) 278-1400 ● Facsimile: (415) 278-1401

**Davis Wang**
*A Professional Law Corporation*

DEFENDANT TENDERLOIN HOUSING CLINIC, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF SHARON FENNIX'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Davis Wang
*A Professional Law Corporation*
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

**Article 7 – Work Schedule:**

Section 1. Workweek

The workweek is from 12:01 AM Sunday to 12:00 AM Midnight Saturday

Section 2. Workday

The universal workday is a 24-hour period beginning at 12:01 AM and ending at 12:00 AM midnight each calendar day. The normal workday shift is a seven and a half (7.5) hour period with a forty (40) minute meal break.
. . . .

Section 5.  Breaks

. . . . Meal breaks are forty (40) minutes. Thirty (30) minutes is unpaid and ten (10) minutes is paid of the forty (40) minute meal break.

Coverage:

> i. For Employees who work in a "public customer service position" (i.e. Desk Clerks and Administrative Staff) and cannot abandon their post, if two (2) Employees are scheduled to work a shift, one covers the desk while the other takes their meal and rest periods. If only one (1) person is scheduled for the front desk, but a peer staff (janitor, maintenance, associate) is on duty, the peer staff is responsible for covering the front desk while the Employee is on their meal break or rest period.

> ii. If only one (1) person is scheduled for the "public customer service position" and no peer staff is on duty, but a manager is, the manager is responsible for identifying the person to cover the desk while the Employee is on their meal break or rest period.

Section 6.  Payday

All Employees will be paid bi-weekly (every other Friday). If the payday falls on an observed Holiday, paychecks will be issued on the previous business day. The Employer will make every effort to issue all checks no later than 12:00pm. If payment is delayed past 12:00pm members will be allowed a thirty (30) minute paid release time to go to their bank. All check stubs will exhibit up to date accrued vacation and sick hours.

Section 7. Alternative Work Schedules

The parties agree, subject to California State Law, to consider alternative work schedules that improve effectiveness of the workforce and the delivery of service.

Quijano Decl., Ex. 1, Article 7.

**Article 13 – Overtime/Compensatory Time provides:**

Each position with THC will be classified as non-exempt or exempt and this designation will be made clear to Employees at the time of hiring.

Section 1.        Non-Exempt Employees

All Employees covered by this CBA who are employed in a non-exempt capacity (as defined in the requirements of the Federal Fair Labor Standards Act and the California Labor Code) will be paid overtime at the rate of one and one-half (1-1/2) times the Employee's regular rate of pay for all hours worked in excess of thirty seven and a half (37.5) hours in one week (workweek is defined as Sunday through Saturday) and for the first four and a half hours (4.5) in excess of seven and a half (7.5) in a single work day. Any hours in excess of the times indicated, will be paid in accordance with California's Overtime Law (FLSA).

Employees must receive advanced approval from their direct supervisor or the department director prior to any overtime. See Article 5, Section 1 and 2 of the CBA for definition of workweek and workday.

 A. Overtime at two (2) times the regular wage is paid for all hours worked in excess of twelve (12) in one workday.

 B. Part-time Employees shall not be required to work beyond their normal weekly schedule and there shall be no threat of negative consequences from their supervisor for not accepting additional hours.

B. Employees must have prior approval from their immediate supervisor before working any overtime.

 . . . .

Quijano Decl., Ex. 1, Article 13.

**APPENDIX A THC Bargaining Unit Classification and Rate of Pay Sheet**

| Job Title | Starting Hourly Pay Rate | Annualized Rate @ 1950 hours per year |
|---|---|---|
| Case Manager – Master Lease | $20.1751 | $39,341.43 |
| Case Manager – Shelter + Care + VASH | $21.2133 | $41,365.93 |

Quijano Decl., Ex. 1, Appendix A.

## III. LEGAL ARGUMENT

### A. Legal Standard for Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is proper when there is either a "lack of A cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain sufficient factual content" to allow the Court to infer "that the defendant is liable for the misconducted alleged." *Landers v. Quality Commc'ns, Inc*., 771 F.3d 638, 641 (9th Cir. 2014) (citations omitted).

A complaint is facially implausible if it is preempted as a matter of law.  *See Ward*

14

Davis Wang
A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105  •  Telephone: (415) 278-1400  •  Facsimile: (415) 278-1401

*v. Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2008) (affirming a Rule 12(b)(6) dismissal on preemption grounds); *Curtis v. Irwin Indus.*, 913 F.3d 1146, 1153-54 (9th Cir. 2019) (same); *Estrada v. Kaiser Found. Hosps.*, No. C-14-04465 DMR, 2014 U.S. Dist. LEXIS 177899, at *23-28 (N.D. Cal. Dec. 29, 2014) (J. Ryu) (finding LMRA preemption of Labor Code and UCL claims and granting motion to dismiss) *aff'd Estrada v. Kaiser Found. Hosps.*, 678 F. App'x 494, 496 (9th Cir. 2017). Where preempted under the LMRA, the complaint is appropriately dismissed without leave to amend, because amendment would be futile. *Id*. Because motions to dismiss raise the issue of complete preemption, and "[b]ecause complete preemption often applies to complaints drawn to evade federal jurisdiction, [the] court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims." *Parrino v. FHP, Inc*., 146 F.3d 699, 704 (9th Cir. 1998), superseded by statute on other grounds as stated in *Abrego v. Dow Chemical Co*., 443 F.3d 676, 681 (9th Cir. 2006). This is true even when the issue is raised by a Rule 12(b)(6) motion.  *Id*.

### B.  The Governing CBA is a Proper Subject of Judicial Notice.

When examining a Rule 12(b)(6) motion, the Court may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment." *Hall v. Live Nation Worldwide, Inc*., 146 F. Supp. 3d 1187, 192 (C.D. Cal. 2015). Courts routinely consider CBAs when ruling on motions to dismiss, particularly when considering LMRA preemption. *See Stone v. Writer's Guild of Am. West Inc*., 101 F.3d 1312, 1313-14 (9th Cir. 1996) (district court properly considered a CBA on a Rule 12(b)(6) motion because it was referred to in the pleadings); *Busey v. P.W. Supermarkets, Inc*., 368 F. Supp. 1045, 1049 (N.D. Cal. 2005) (it "is not dispositive that a complaint is framed without reference to the CBA," and taking judicial notice of a CBA to determine issues of preemption). Here, THC asks the Court to consider the CBA pursuant to the "incorporation by reference" doctrine and/or as matters that may be judicially noticed.

### C.  Plaintiff's Overtime Claim is Preempted Under the LMRA Because the Labor Code § 514 Exemption Applies and Any Claim Therefore Exists Solely as a Result of the CBA.

Plaintiff's Second Cause of Action for overtime fails under the collective bargaining exemption

Davis Wang
A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105  •  Telephone: (415) 278-1400  •  Facsimile: (415) 278-1401

to the statutory overtime requirements and THC's motion to dismiss should be granted. "Section 514 of the Cal. Labor Code states that the statutory overtime provisions of § 510 do not apply to an employee who is covered by a valid CBA which expressly provides for the (1) wages, (2) hours of work, (3) working conditions, (4) premium wage rates for all overtime hours, and (5) regular hourly wage, not less than 30% greater than the state minimum wage. Cal. Labor Code § 514." *Marquez v. Toll Glob. Forwarding (USA) Inc.*, No. 218CV03054ODWASX, 2018 WL 3218102, at *2 (C.D. Cal. June 28, 2018) (granting motion to dismiss with prejudice plaintiff's claim that plaintiff worked in excess of eight hours per day and forty hours per week without receiving overtime pay pursuant to Labor Code § 510 because plaintiff's employment was covered by a collective bargaining agreement that satisfied the requirements of Labor Code § 514) *aff'd sub nom Marquez v. Toll Glob. Forwarding,* 804 F. App'x 679, 679 (9th Cir. 2020); *accord Curtis v. Irwin Indus.*, 913 F.3d 1146, 1153-54 (9th Cir. 2019) (affirming trial court order granting motion to dismiss plaintiff's overtime claim pursuant to Labor Code § 510 because plaintiff's employment was covered by a collective bargaining agreement that satisfied the requirements of Labor Code § 514); *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 107 (2014). When such a collective bargaining agreement covers the plaintiff's employment with the defendant, the plaintiff's overtime claims pursuant to Labor Code §§ 510 and 511 should be dismissed as preempted under the LMRA. *See Marquez*, No. 218CV03054ODWASX, 2018 WL 3218102, at *2 *aff'd sub nom Marquez,* 804 F. App'x at 679; *Curtis*, 913 F.3d at 1153-54; *Vranish*, 223 Cal. App. 4th at 107.

In the instant case, each of the requirements of Labor Code § 514 have been satisfied.  It is undisputed that Plaintiff was a non-exempt employee.  Plaintiff's employment with THC was covered by the CBA, which expressly provides for Plaintiff's and the other employees' (1) wages, (2) hours of work, (3) working conditions, and for (4) premium wage rates for all overtime hours.  *See* Quijano Decl., Ex. 1, Articles 7-24, Appendix A. Additionally, pursuant to the CBA, Plaintiff was paid an hourly rate of over $20.00 per hour - which was more than 30% greater than the state minimum wage of $11.00 and $12.00 per hour that was in effect during Plaintiff's employment with THC.  *Id.*, Ex. 1, Appendix A.  As the Ninth Circuit explained in *Curtis*, when, as in the instant case, the applicable CBA meets the requirements of Labor Code § 514, the right to overtime exists solely as a result of the CBA

16

Davis Wang
A Professional Law Corporation
625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

1   and is preempted under the LMRA.  *See, e.g.*, *Curtis*, 913 F.3d at 1153-54.  Accordingly, because the

2   CBA meets the requirements of Labor Code § 514, Plaintiff's overtime claim is preempted by the

3   LMRA and should be dismissed.

**D.  Plaintiff's Untimely Payment of Wages Claim is Preempted Under the LMRA Because the Labor Code § 204(c) Exemption Applies and Any Claim Therefore Exists Solely as a Result of the CBA.**

7   Plaintiff's First Cause of Action for the untimely payment of wages pursuant to Labor Code §

8   204 is preempted and must be dismissed. "Labor Code Section 204 provides statutory requirements for

9   the timely payment of wages . . . . The statutory default under section 204(a) is that all wages be paid at

10  least twice a month.  However, section 204(c) makes clear that employers need not comply with section

11  204(a)'s default statutory requirements when a CBA creates a different pay arrangement." *Bradford v.

12  Prof'l Tech. Sec. Servs. Inc. (Protech)*, No. 20-CV-02242-WHO, 2020 WL 2747767, at *4 (N.D. Cal.

13  May 27, 2020) (internal citations omitted); *accord Landy v. Pettigrew Crewing, Inc.*, No.

14  219CV07474RGKAFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019); *see also See Curtis*, 913

15  F.3d at 1155; *Vranish*, 223 Cal. App. 4th at 111 (2014) (finding  preemption, in part, because

16  "[e]mployees, such as plaintiffs, represented by a labor union, have 'sought and received alternative

17  wage protections through the collective bargaining process'").

18  The CBA expressly sets forth payment arrangements in Article 7, Section 6, addressing the

19  timing of wage payments, which differ from the requirements of Labor Code § 204.  Quijano Decl., Ex.

20  1, Article 7, Section 6. The CBA provides for the biweekly payment of wages (Quijano Decl, Ex. 1,

21  Article 7, Section 6), whereas Labor Code § 204 provides for the semimonthly payment of wages.

22  People paid on a biweekly basis are paid 26 times per year while people who are paid semimonthly are

23  paid 24 times per year. Thus, the relevant terms of the CBA regarding the timing of the payment of

24  wages differs from the timing of the payment of wages provided in Labor Code § 204.  The CBA sets

25  forth additional requirements regarding the timing of the payment of wages not found in Labor Code §

26  204, including, that the employer must make every effort to issue checks no later than 12:00 PM.  *See*

27  Quijano Decl., Ex. 1, Article 7, Section 6. Because Article 7, Section 6 of the CBA provides for

28  different arrangements for the timing and frequency of wage payments, which themselves must be

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

**Davis Wang**
*A Professional Law Corporation*

17

interpreted and analyzed, Plaintiff's claim for violation of Labor Code § 204 is wholly preempted by Section 301 of the LMRA and should be dismissed.

**E. Plaintiff's Meal Period Claim is Preempted Under the LMRA because the Labor Code § 512(e) Exemption Applies and Any Claim Therefore Exists Solely as a Result of the CBA.**

Plaintiff's Third Cause of Action for alleged meal period violations is preempted under the LMRA and must be dismissed because the Labor Code § 512(e) exemption applies. Labor Code § 512(e) provides for exemption from the meal period requirements of Labor Code Section 512(a) when both of the following conditions are satisfied: (1) the employee is covered by a valid collective bargaining agreement; (2) the valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate. When the Labor Code Section 512(e) exemption applies, a meal period claim pursuant to Labor Code Section 512(a) is statutorily barred. *Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679, 680 (9th Cir. 2020); *Araquistain v. Pac. Gas & Elec. Co.*, 229 Cal. App. 4th 227, 236-38 (2014). As a result, the meal period claim exists only pursuant to the CBA and is therefore preempted by the LMRA. *Marquez*, 804 F. App'x at 680; *Araquistain*, 229 Cal. App. 4th at 236-38.

In holding that the Labor Code Section 512(e) exemption applied, the court in *Araquistain* reasoned that "[i]t appears to us that when employees, represented by a labor union, 'have sought and received alternative wage protections through the collective bargaining process, they are free to bargain over the terms of their meal period, including whether the meal period will be of a specified length and whether employees will be relieved of all duty during that time." *Araquistain*, 229 Cal. App. 4th at 236-38 (internal quotations, citations omitted).

Regarding meal periods, in the instant case the CBA provides for a normal workday shift of 7.5 hours with a 40-minute meal break, 30 minutes of which is unpaid while 10 minutes is paid. Quijano Decl., Ex. 1, Article 7, Sections 2, 5. The CBA does not provide when the meal break should be taken. *Id.*, Article 7, Section 5. In the instant case, the CBA provides for a more generous meal break than that

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

Davis Wang
A Professional Law Corporation

required under Labor Code § 512(a) given that it provides employees with a 40 meal minute break as opposed to the 30 minute meal break required under Labor Code § 512(a), and that 10 minutes are paid whereas the meal break required under Labor Code § 512(a) is unpaid.

Like in *Araquistain*, in the instant case employees, represented by a labor union, sought and received alternative wage protections through the collective bargaining process, and should be free to bargain over the terms of their meal period. Thus, although Plaintiff does not fall within any of the employee categories set out in Labor Code § 512(f), the CBA should be enforced and Plaintiff's Labor Code § 512 meal period claim is statutorily barred and preempted by the LMRA and should be dismissed.

### F. Plaintiff's Meal and Rest Period Claims are Preempted Because They Require Substantial Interpretation of the Collective Bargaining Agreement.

Even if the Labor Code § 512(e) exemption is found to be inapplicable to Plaintiff's Third Cause of Action for meal break violations, her meal break claim, along with her Fourth Cause of Action for rest break violations, are preempted under the LMRA and must be dismissed because resolution of these claims will be require substantial interpretation of the CBA.  *See Marquez v. Toll Glob. Forwarding (USA) Inc.*, No. 218CV03054ODWASX, 2018 WL 3218102, at * 11 (C.D. Cal. June 28, 2018) (dismissing rest and meal break claims because they were preempted by LMRA because analysis of claims required interpretation of CBA) *aff'd sub nom Marquez,* 804 F. App'x at 680-81 (9th Cir. 2020); *Greenly v. Sara Lee Corp.*, 2006 WL 3716769 at *4 (E.D. Cal. Dec. 15, 2006) (dismissing rest break claim because analysis of the claim could not be "accomplished without looking to the CBA"); *Curtis*, 2016 WL 4975188, at *3-4 (declining to amend judgment finding plaintiff's rest break claim preempted because "[t]here is a clear dispute between the parties" as to the interpretation of the CBA"); *Blackwell v. Skywest Airlines, Inc.*, 2008 WL 5103195 at *14 (S.D. Cal. Dec. 3, 2008) (granting motion for summary judgment on rest break claim because the court would have had to interpret the CBA).

Plaintiff alleges that THC wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods. ECF No. 1 Complaint ¶ 16. According to Plaintiff, (1) THC regularly required Plaintiff and the Class to work in excess of five consecutive hours a day without providing a 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without

19

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work; (2) THC did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work; (3) THC did not have adequate written policies or practices providing meal periods for Plaintiff and the Class, nor did THC have adequate written policies or practices regarding the timing of meal periods. *Id.*

Plaintiff also alleges that THC wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods. ECF No. 1 Complaint ¶ 17. According to Plaintiff, (1) THC regularly required Plaintiff and the Class to work in excess of four consecutive hours a day without THC authorizing and permitting them to take a 10-minute, continuous and uninterrupted rest period for every four hours of work, or major fraction thereof, or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted; (2) THC required Plaintiff and the Class to work in lieu of taking 10-minute, paid, duty-free rest periods because there was too much work to do; (3) THC did not adequately inform Plaintiff and the Class of their right to take a rest period; (4) THC did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did THC have adequate policies or practices regarding the timing of rest periods; (5) THC did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods; and (6) THC did not maintain accurate records of employee work periods, and therefore THC cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. *Id.*

Because these allegations challenge the manner in which THC scheduled and provided breaks, the Court must analyze the inextricably intertwined CBA terms related to meal and rest breaks to determine if THC met its obligations. For example, the meal and rest period provision of the CBA "permits" employees to take meal and rest periods. *See* Quijano Decl., Ex. 1, Article 7, Section 5. It is not entirely clear what the term "permit" means, and therefore the Court will be required to interpret the meaning of the term "permit" in the CBA. Additionally, the CBA includes provisions regarding the timing and/or duration of meal and rest periods that the Court will be required to interpret. *Id.*, Ex. 1 Article 7, Sections 2, 5. Analysis of whether or not Plaintiff and other Class Members worked in a

"public customer service position" under the CBA and the impact of the rules on whether or not they were provided with lawful meal and rest breaks will be also necessary. *Id.*, Ex. 1 Article 7, Section 5.

Additionally, pursuant to Article 7, Section 7 of the CBA, the parties agreed, subject to California State Law, to consider alternative work schedules that improve the effectiveness of the workforce and the delivery of service. Interpretation of the CBA will be necessary to determine how alternative work schedules impacted breaks. The Court will also be needed to interpret the meaning of "subject to California State Law" in Article 7, Section 7 of the CBA.

The CBA also provides that "[t]he Employer and the Union agree that any practice, policy or working condition in existence prior to the negotiation of this CBA, that is beneficial to Employees but not addressed in this CBA, shall continue in force; unless or until the parties mutually agree otherwise. No Employee shall suffer a loss in benefits as a result of the negotiation of this contract, except where the loss was negotiated." *See* Quijano Decl., Ex. 1, Article 18. Thus, it will also be necessary to evaluate the parties' past practices with regard to meal and rest periods. Since the parties' past practices are deemed to be part of the CBA, they must be interpreted along with the CBA and provide additional grounds for preempting Plaintiff's meal and rest period claim. *See Consol. Rail Corp. v. Ry Labor Execs. Ass'n*, 491 U.S. 299, 302 (1989) ("[C]ollective-bargaining agreements may include implied, as well as express, terms. Furthermore, it is well established that the parties' 'practice, usage, and custom' is of significance in interpreting their agreement.") (citations omitted). Interpretation will also be required regarding whether any practice, policy or working condition in existence prior to the negotiation of the CBA was beneficial to employees and whether or not it was addressed in the CBA.

The interpretation of these provisions will be required both as to liability and the class certification determination. Where break claims fail to demonstrate an unlawful policy, but rather identify divergent, individuated, non-compliant practices, class certification is properly denied. *Cole v. CRST, Inc.*, 317 F.R.D. 141, 144-45 (C.D. Cal. 2016) (determining that employer's policy authorized compliant breaks, and rejecting the argument that the *Brinker* standard that employers are not required to police breaks applies only to meal periods).

Unions, as the employees' exclusive representative, have the authority to exercise discretion on behalf of their members and to bind members of the bargaining unit to the terms of a CBA. *Porter v.*

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

1    *Quillin*, 123 Cal. App. 3d 869, 874 (1981). An interpretation of what the CBA authorizes, including

2    how the union has exercised discretion on behalf of the employees as to meal and rest breaks, is

3    therefore necessarily at issue, because "an employer is not liable for failure to provide rest breaks if it

4    authorizes and permits an employee to take his or her rest break and the employee—absent coercion or

5    encouragement on the part of the employer—foregoes his or her rest break." *Cleveland v.*

6    *Groceryworks.com, LLC*, 2016 WL 4140504, at *18 (N.D. Cal. Aug. 4, 2016).

7            Thus, the applicable CBA break provisions are far from clear. This is not an instance where the

8    Court will need to simply consult the CBA. The terms of the CBA are "inextricably intertwined" with

9    Plaintiff's meal and rest period claims, and the resolution of these claims are "substantially dependent

10   upon" an interpretation of the terms of the CBA. Accordingly, Plaintiff's meal and rest break claims are

11   preempted under the LMRA and must be dismissed. *See, e.g.*, *Marquez*, No. 218CV03054ODWASX,

12   2018 WL 3218102, at * 11 (dismissing rest and meal break claims because they were preempted by

13   LMRA); *Greenly*, 2006 WL 3716769 at *4 (dismissing rest break claim because analysis of the claim

14   could not be "accomplished without looking to the CBA"); *Curtis*, 2016 WL 4975188, at *3-4

15   (declining to amend judgment finding plaintiff's rest break claim preempted because "[t]here is a clear

16   dispute between the parties" as to the interpretation of the CBA").

17   **G.  Plaintiff's Expense Reimbursement Claim is Preempted Under the LMRA Because it**

18   **Requires Substantial Interpretation of the Collective Bargaining Agreement.**

19           Plaintiff's Fifth Cause of Action for failure to indemnify employees for necessary business

20   expenses is also preempted under the LMRA and must be dismissed because resolution of this claim

21   will require substantial interpretation of the CBA.  Plaintiff alleges that THC required Plaintiff and the

22   Class to pay expenses that they incurred in direct discharge of their duties for THC without

23   reimbursement.  ECF No. 1 Complaint ¶ 18.  This included use of their own vehicles, which included

24   mileage and any other related expenses, which were not reimbursed.  *Id*.  Plaintiff and the Class

25   incurred these substantial expenses as a direct result of performing their job duties for THC, and

26   Plaintiff alleges that THC has failed to indemnify Plaintiff and the Class for these employment-related

27   expenses.  *Id*. The CBA provides the following regarding the reimbursement of business expenses:

28           In the event an Employee is required, due to staffing needs, to work at a facility other

625 Market Street, 12th Floor, San Francisco, CA 94105  •  Telephone: (415) 278-1400  •  Facsimile: (415) 278-1401

**Davis Wang**
*A Professional Law Corporation*

**Davis Wang**
*A Professional Law Corporation*

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

1

than their designated facility, they shall be given not less than one and one-half (1 1/2) hours notification. In the event notification is less than one and one-half (1 1/2) hours, THC shall reimburse any additional cost the Employee incurs in traveling between their designated facility and the facility they are assigned to cover. The reimbursement costs must be outside of the Employees' normal travel and the Employee is responsible for following THC's reimbursement policy to request reimbursement.

Quijano Decl, Ex. 1, Article 7, Section 4.

    A.  The Employer may allow Employees to attend, during normal working hours, approved workshops, seminars, conferences and training sessions, which are work-related. The following shall be paid by the Employer: fees for workshops, seminars, conferences, and training sessions, public transportation costs and/or mileage at the current IRS rate, parking costs and toll charges.

    B.  In accordance with the current practice, any Employee who is approved for Employer initiated external training will continue to receive their regular wages for the time spent in the training.

Quijano Decl, Ex. 1, Article 14, Section 6, A, B.

Some Tenderloin Housing Clinic (THC) employees may be required to use cellular phones based on the needs and requirements of their position.  Any employee required to have and use their personal cellular phone will be reimbursed at a standard rate. For positions that require the use of a personal cellular phone for phone calls, texts, and emails on a smart phone device, the employee shall receive up to a sixty nine dollar ($69.00) reimbursement per month. For positions that require the use of personal cellular phone for calls and texts only, the employee will receive up to a thirty six dollar ($36.00) reimbursement per month. The reimbursement will be included on the employee's first paycheck of the following month.

Quijano Decl, Ex. 1, Article 12, Section 4.

Plaintiff's expense reimbursement claim is preempted because resolving it will require substantial interpretation of the CBA.  *See Linebarger v. Graphic Packaging Int'l, LLC*, No. SACV2000309JVSJDEX, 2020 WL 1934958, at *6 (C.D. Cal. Apr. 22, 2020) (holding that expense reimbursement claim was preempted under the LMRA because interpretation of expense reimbursement provision of CBA would be required to resolve it).  For example, resolving Plaintiff's expense reimbursement claim will require interpretation of what "work-related" means regarding trainings, conferences, and workshops.  *See* Quijano Decl., Ex. 1, Article 14, Section 6, A.  It would also require interpretation of the employee's "designated facility" and the term "notification."  *See Id.*, Ex. 1, Article 7, Section 4.  The CBA also provides that employees approved for external training will

continue to receive their regular wages for the time spent in training.  *See Id.*, Ex. 1, Article 14, Section 6, B.  The meaning of "regular wages" requires interpretation under the CBA.  Thus, Plaintiff's expense reimbursement claim is preempted under the LMRA and should be dismissed.

**H.  Plaintiff's Sixth, Seventh and Eighth Causes of Action Are Derivative and Fail to State a Claim for Relief and Must Be Dismissed.**

Plaintiff's Sixth, Seventh, and Eighth Causes of Action should also be dismissed because they are derivative of Plaintiff's preempted Second, Third and Fourth Causes of Action for overtime and meal and rest break violations. Plaintiff alleges derivative causes of action for THC's alleged failure to timely pay wages upon separation (Sixth Cause of Action), alleged failure to provide accurate itemized wage statements (Seventh Cause of Action), and alleged unfair and unlawful business practices (Eighth Cause of Action).  However, because Plaintiff's underlying overtime and break claims are exempted and preempted, and therefore must be dismissed, Plaintiff's derivative claims also fail as a matter of law.  *Estrada v. Kaiser Found. Hosps.*, No. C-14-04465 DMR, 2014 U.S. Dist. LEXIS 177899, at *23- 28 (N.D. Cal. Dec. 29, 2014) (J. Ryu) (finding LMRA preemption of wage statement and UCL claims that were derivative of preempted Labor Code claim) *aff'd Estrada v. Kaiser Found. Hosps.,* 678 F. App'x 494, 496 (9th Cir. 2017);  *Hall*, 146 F. Supp. 3d at 1204 (dismissing claims under Labor Code § 226, the UCL, and PAGA because they are derivative of plaintiff's first cause of action, which was preempted by the LMRA); *Torres v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist LEXIS 163159, at *19 (C.D. Cal. Oct. 12, 2016) (granting defendant summary judgment on derivative causes of action based on summary adjudication of underlying claims) *see also Bradford,* No. 20-CV-02242-WHO, 2020 WL 2747767, at *4 ("Because the CBA here meets the statutory exemption requirements provided in section 204(c), Bradford's PAGA claim for violation of section 204 is preempted under the first step of the Burnside test.").

**I.  Plaintiff's Failure to Reference the CBA in the Complaint is Irrelevant.**

Plaintiff omits from the Complaint the fact that her wages, entitlement to breaks, expense reimbursement, and other terms and conditions of employment were governed by the CBA. However, this does not matter because "[t]he key to determining the scope of preemption is not how the complaint is cast, but whether the claims can be resolved only by referring to the terms of the collective bargaining

24

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

Davis Wang
A Professional Law Corporation

agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987).  "[W]hen resolution of a statelaw claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a 301 claim . . . or dismissed as preempted by federal labor-contract law." *Util. Workers of Am., Local No. 246 v. So. Cal. Edison Co*., 852 F.2d 1083, 1086 (9th Cir. 1988) (quoting *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202 (1985)).

**J.**   **Plaintiff's Claims Must Be Dismissed Because Plaintiff Failed to Grieve or Arbitrate Her Preempted Claims Prior to Filing This Action.**

Once Section 301 preemption applies, there are two potential procedural outcomes, both of which require the dismissal of Plaintiff's claims: either (1) the claims are completely preempted under Section 301 and subject to dismissal, or (2) the preempted claims are converted to Section 301 claims, which can only be prosecuted where the plaintiff has previously exhausted the CBA's grievance process. *Allis-Chalmers Corp*., 471 U.S. at 220.

Here, the Court should dismiss Plaintiff's claims as completely preempted, as Plaintiff has not attempted to plead a Section 301 claim.  *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1036-37 (9th Cir. 2016) (plaintiff's state-law wage claims completely preempted and properly dismissed as a matter of law because they were dependent upon interpretation of a CBA provision); *Pette v. Int'l Union of Operating Engineers*, 2016 WL 4596338, at *9-11 (C.D. Cal. Sept. 2, 2016) (ordering dismissal of plaintiff's claims "[b]ecause resolution of [plaintiff's state law claim] might substantially depend on interpretation of the CBA"); *Curtis*, 2016 WL 4975188, at *2-4 (dismissing claims as completely preempted as a result of need to look to the CBA to determine applicability of overtime exemption in Labor Code § 512).

If not dismissed as completely preempted, Plaintiff's preempted claims can only be brought as a converted Section 301 claim. *Allis Chalmers Corp*., 471 U.S. at 220. It is well established that where collectively-bargained grievance procedures are the exclusive and final remedy for breach of a CBA, a plaintiff may not sue under Section 301 until timely completing those procedures. *See Hines v. Anchor Motor Freight, Inc*. 424 U.S. 554, 563 (1976) (unless an employee attempted to utilize the contractual procedures for settling his dispute with the employer, his independent suit against the employer would

25

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

Davis Wang
A Professional Law Corporation

1   be dismissed); *Vaca v. Sipes*, 386 U.S. 171, 184 (1967); *Carr v. Pacific Maritime Ass'n*, 904 F.2d 1313,

2   1317 (9th Cir. 1990). Plaintiff, however, fails to satisfy the prerequisites for a Section 301 suit.  Here,

3   the Court should dismiss Plaintiff's claims as completely preempted, as Plaintiff has not attempted to

4   plead a Section 301 claim. *See Kobold*, 832 F.3d at 1036-37.

5          There is no dispute that the CBA that applied to Plaintiff contained a mandatory grievance and

6   arbitration procedure.  *See* Quijano Decl., Ex. 1 Article 6, Section 3. Here, Plaintiff has failed to plead

7   that she exhausted the CBA's grievance and arbitration procedures.  Exhaustion of these procedures is a

8   prerequisite to asserting claims under Section 301.  *Carr*, 904 F.2d at 1317. "Failure to utilize the

9   grievance procedures, or to invoke them in a timely manner, bars grievants from pursuing remedies in

10  court." *Id*. A complaint is subject to dismissal if an employee fails to plead exhaustion of applicable

11  grievance procedures. *Buck v. Cemez*, 2014 WL 5430422 at *4 (E.D. Cal. Oct. 24, 2014). Accordingly,

12  the Court should dismiss the Complaint in its entirety.

### K. Plaintiff Lacks Article III Standing to Seek Injunctive Relief as a Remedy for the Business and Professions Code Claim.

15          Plaintiff has sought injunctive relief as a remedy for her business and professions code claim

16  (Eighth Cause of Action). However, a former employee who is not seeking reinstatement has no Article

17  III standing to seek injunctive relief.  *See Frausto v. Bank of Am., Nat'l Ass'n*, No. 18-cv-01983-MEJ,

18  2018 U.S. Dist. LEXIS 130220, at *25-27 (N.D. Cal. Aug. 2, 2018); *Bayer v. Neiman Marcus Grp.*, 861

19  F.3d 853, 865 (9th Cir. 2017); *Richards v. Ernst & Young LLP*, No. 08-4988 JF (HRL), 2010 WL

20  682314, *3 (N.D. Cal. Feb. 24, 2010) ("[A] former employee lacks standing to seek prospective

21  injunctive relief on behalf of a putative class containing both former and current employees.").

22          Plaintiff is a former employee of THC and is not seeking reinstatement.  Accordingly, she has

23  no standing to pursue injunctive relief.

### L. Meal Period Premiums Cannot Support Derivative Wage Statement and Waiting Time Penalties.

26          Plaintiff seeks derivative wage statement and waiting time penalties for unpaid meal period

27  premiums.  ECF No. 1 Complaint ¶¶ 19-20.  However, unpaid meal period premiums cannot serve as

28  the basis for derivative wage statement or waiting time penalties.  *See Naranjo v. Spectrum Sec. Servs.*,

26

*Inc*., 40 Cal. App. 5th 444, 474 (2019).  Accordingly, Plaintiff's claim for derivative wage statement and waiting time penalties for unpaid meal period premiums should be dismissed.

**M. Plaintiff's Claim for Untimely Payment of Wages is Really a Claim for Unpaid Wages and Must be Dismissed.**

Plaintiff's Labor Code § 204 claim for untimely payment of wages should be dismissed because it is based on the nonpayment of wages rather than the timing of wage payments.  Labor Section § 204 claims that are really based on the nonpayment of wages rather than the timing of wage payments must be dismissed.  *See Singer v. Becton, Dickinson & Co., Med-Safe Sys*., 2008 WL 2899825, *3 (S.D. Cal. July 23, 2008) ("Despite section 204's use of the word 'wages,' section 204 does not provide for the payment of any wages nor create any substantive right to wages. The only right furthered by the section is the timely payment of wages."); *Hadjavi v. CVS Pharm., Inc*., 2010 WL 7695383, *2 (C.D. Cal. Sept. 22, 2010) (holding that Section 204 "deals solely with the timing of wages and not whether these wages were paid"); *Johnson v. Hewlett-Packard Co*., 809 F.Supp.2d 1114, 1136 (N.D. Cal. 2011) ("Section 204 requires the payment of wages in a timely manner; it does not provide a right to wages."); *See's Candy Shops, Inc. v. Sup. Ct*., 210 Cal.App.4th 889, 905 (2012) (same).

**N. Plaintiff has Failed to Allege Sufficient Facts to Support her Unpaid Overtime Claim.**

Plaintiff's unpaid overtime claims should be dismissed because Plaintiff failed to identify any particular workday on which she worked in excess of eight hours a day, or any workweek during which she worked in excess of 40 hours, and thus failed to plead sufficient factual detail to support an overtime claim.  *See Barajas v. Tharaldson Hosp. Staffing, LLC*, No. 519CV01275ABKKX, 2019 WL 8013414, at *5 (C.D. Cal. Oct. 22, 2019) (dismissing overtime claim because plaintiff failed to identify any particular workday on which she worked in excess of 8 hours or any workweek in which she worked in excess of 40 hours per week).  Accordingly, Plaintiff's overtime claim must be dismissed.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, THC respectfully requests the Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

//

//

Davis Wang

*A Professional Law Corporation*

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

27

1    Dated: August 5, 2020                          DAVIS WANG

2

3                                          By:_____

4                                               Shirley C. Wang
                                                Attorneys for Defendant Tenderloin Housing Clinic,
5                                               Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

625 Market Street, 12th Floor, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

**Davis Wang**
*A Professional Law Corporation*

DEFENDANT TENDERLOIN HOUSING CLINIC, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF
SHARON FENNIX'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)