UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON FENNIX,<br><br>  Plaintiff,<br><br>  v.<br><br>TENDERLOIN HOUSING CLINIC, INC.,<br><br>  Defendant. | Case No. 20-cv-05207-DMR<br><br>**ORDER ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Plaintiff Sharon Fennix filed this putative class action on June 4, 2020 in the San Francisco County Superior Court, alleging that Defendant Tenderloin Housing Clinic, Inc. ("THC") violated various provisions of the California Labor Code and the California Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200 *et seq.* [Docket No. 1-3, Ex. 1 ("Compl.").] On July 29, 2020, THC removed the action on the basis of federal question jurisdiction. [Docket No. 1, Notice of Removal ("NOR").] THC now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). [Docket Nos. 9 ("MTD Mot."), 15 ("MTD Reply").] Fennix opposes. [Docket No. 11 ("MTD Opp.").] In turn, Fennix moves to remand the action to state court and THC opposes. [Docket Nos. 8 ("Remand Mot."), 12 ("Remand Opp."), 13 ("Remand Reply").] The court held a hearing on both motions on October 1, 2020.

For the reasons stated below, the motions are granted in part and denied in part.

**I.  BACKGROUND**

    **A.  Factual Background**

The following facts are alleged in the complaint. Fennix worked as a case manager for THC from October 2018 to September 2019. Compl. ¶ 7. THC classified Fennix as non-exempt and paid

her on an hourly basis. *Id.* ¶ 13. Fennix alleges that she was scheduled to work five days a week and typically worked in excess of eight hours each workday, but THC did not pay her all overtime wages she was owed. *Id.* According to Fennix, THC uses a "system of time rounding in a manner that results, over a period of time, in a failure to compensate Plaintiff and the Class properly for all the time they actually worked." *Id.* ¶ 15. THC also allegedly failed to provide Fennix and the class with legally compliant meal and rest periods. *Id.* ¶¶ 16-17. Further, THC did not reimburse Fennix or class members for employment-related expenses, timely pay final wages, or furnish accurate and itemized wage statements. *Id.* ¶¶ 18-20.

Fennix alleges claims for (1) failure to pay minimum and straight time wages; (2) failure to pay overtime; (3) failure to provide meal periods; (4) failure to permit rest breaks; (5) failure to indemnify necessary business expenses; (6) failure to timely pay final wages; (7) failure to provide accurate, itemized wage statements; and (8) violations of the UCL.

### B. Procedural History

On July 29, 2020, THC removed this action on the basis of federal question jurisdiction. Although no federal claims appear on the face of the complaint, THC asserts that the complaint implicates federal law because Fennix's employment was subject to a collective bargaining agreement ("CBA") and therefore her state law claims are preempted under section 301 of the federal Labor Management Relations Act ("LMRA"). NOR at 3; *see* Docket No. 1-2, Declaration of Jaime Quijano, Ex. 1, CBA.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6) Motions

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack v. S. Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26. The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

**B.     Motions to Remand**

The federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441(a), a civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district embracing the place where the action is pending. *See* 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating that the removal statute is "strictly construe[d]" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

Federal question jurisdiction exists only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The "well-pleaded complaint rule" applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n. 2 (2002). A plaintiff "may not defeat removal by omitting to plead necessary federal questions in a complaint." *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010) (quotation marks and citations omitted). The removing defendant bears the burden of establishing that removal was proper. *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002)

### III. MOTION TO DISMISS

THC moves to dismiss the complaint on the grounds that (1) most of Fennix's claims are preempted under the LMRA;[1] (2) Fennix failed to exhaust the mandatory grievance procedure for her preempted claims; (3) Fennix lacks standing to pursue injunctive relief against THC under the UCL; and (4) Fennix's claim for unpaid meal period premiums cannot support derivative claims for failure to provide accurate wage statements or for waiting time penalties.

#### A. Preemption Under Section 301

Section 301(a) of the LMRA provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Section 301 "completely preempts any state causes of action based on alleged violations of contracts between employers and labor organizations." *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993). Usually, federal preemption is a defense that defendants cannot raise in order to remove state law cases. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019). However, section 301 "has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.*

---

[1] THC's motion states that "all of Plaintiff's claims are preempted by the LMRA," but its reply acknowledges that it is not arguing that Fennix's minimum wage claim is preempted. *See* MTD Mot. at 9; Reply at 6. THC also confirmed at the hearing that it is not arguing preemption with respect to the minimum wage claim.

(quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). Labor claims may be subject to preemption under section 301 "even in some instances in which the plaintiffs have not alleged a breach of contract in their complaint, if the plaintiffs' claim is either grounded in the provisions of the labor contract or requires interpretation of it." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). Thus, a state law claim is preempted "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement." *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988)).

The Ninth Circuit uses a two-part analysis to determine whether a claim is preempted by section 301. First, the court inquires "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Burnside*, 491 F.3d at 1059. If the right "exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Id.* Second, if the right exists independently of the CBA, the court must consider whether "it is nevertheless substantially dependent on analysis of a collective-bargaining agreement." *Id.* (quoting *Caterpillar*, 482 U.S. at 394). "If such dependence exists, then the claim is preempted by section 301." *Id.* at 1059-60. But if the claim can be resolved by "looking to" instead of "interpreting" the CBA, the claim is not preempted and can proceed under state law. *Id.* at 1060.

### 1. Claims

The court first addresses whether any of Fennix's claims are preempted under the LMRA, and then turns to whether any of the preempted claims must be dismissed for failure to follow the grievance process in the CBA.

#### a. Failure to Pay Minimum Wage/Timely Wages

Fennix's first claim alleges violations of Labor Code § 204 (failure to timely pay semimonthly wages) and Labor Code §§ 1194, 1194.2, 1197 (failure to pay minimum wage). At the hearing, Fennix clarified that she is not bringing a section 204 claim and that her first claim is only for failure to pay minimum wage. THC does not argue that Fennix's minimum wage claim is

preempted.[2]

Accordingly, Fennix's first claim is dismissed to the extent that it alleges a violation of section 204. As conceded by THC, Fennix's minimum wage claim is not preempted by the LMRA.

### b. Failure to Pay Overtime

Under California law, "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code § 510. However, section 510 "do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. Fennix alleges that THC failed to pay her overtime in violation of section 510. THC argues that Fennix is not covered under section 510 because the exemption in section 514 applies. According to THC, Fennix's only right to overtime exists in the CBA and therefore her overtime claim is preempted by the LMRA.

At the hearing, Fennix conceded that the CBA meets the requirements listed in section 514. However, she argues that THC invokes section 514 as an affirmative defense, which is insufficient to confer federal subject matter jurisdiction. Fennix's argument fails under the Ninth Circuit's decision in *Curtis*. In that case, a plaintiff (Curtis) alleged that his employer violated California's overtime laws by not paying him for hours he was "off-duty" but unable to leave his job site. 913 F.3d at 1150. Curtis's employment was subject to two CBAs. *Id.* In considering whether Curtis's overtime and derivative claims were preempted under section 301, the Ninth Circuit recognized that Labor Code § 514 exempts employees covered by a CBA from the default overtime provisions. *See id.* at 1153-54. The court therefore held that as long as the CBAs "meet the requirements of section

---

[2] Preemption is inappropriate for a minimum wage claim because there is "no authority to support the contention that an employer's ability to manage its business encompasses the right to pay employees less than the minimum wage." *Zamora v. Overhill Farms, Inc.*, 2019 WL 3942961, at *4 (C.D. Cal. Aug. 21, 2019).

1    514, Curtis's right to overtime exists solely as a result of the CBA, and therefore is preempted under

2    § 301." *Id.* at 1154 (quotation marks and citation omitted). Fennix's authority suggesting a contrary

3    result pre-dates *Curtis* and therefore is no longer good law on this issue.[3] Since Fennix does not

4    dispute that the section 514 exemption applies in this case, her right to overtime is governed

5    exclusively by the CBA. *See Curtis*, 913 F.3d at 1154-55; *Franco v. E-3 Sys.*, 2019 WL 6358947,

6    at *4 (N.D. Cal. Nov. 8, 2019) ("The Court thus finds that Defendant has met its burden of proving

7    that the CBAs here satisfy the requirements of § 514. Accordingly, Plaintiff's claim for overtime is

8    controlled by the CBAs, 'exists solely as a result of the CBA[s],' and is therefore preempted by the

9    LMRA."); *Loaiza v. Kinkisharyo Int'l, LLC*, 2020 WL 5913282, at *5 (C.D. Cal. Oct. 6, 2020)

10   ("Because there is a sufficient showing that the CBA is a qualifying CBA under Section 514

11   and *Curtis*, and Plaintiffs do not contest whether the CBA is qualifying under Section 514, the

12   overtime provisions of Section 510 do not apply to Plaintiffs. Therefore, their overtime claims are

13   based on rights that arise solely from the CBA.").

     Thus, Fennix's overtime claim is preempted by section 301.[4]

### c.     Failure to Provide Meal and Rest Periods

     Fennix's third and fourth claims allege that THC failed to provide her and the putative class members with legal meal and rest periods. In general, California law requires employers to provide non-exempt employees with one thirty-minute meal break after no more than five hours of work, and a second meal break after no more than ten hours of work. Cal. Labor Code § 512. Additionally, employers must permit employees to take a rest period of ten minutes for each four hours of work. *See* Cal. Labor Code § 226.7; California Industrial Welfare Commission Wage Orders. At the hearing, Fennix explained that her meal breaks were interrupted daily, and that the employees were

---

[3] Fennix relies on *Vasserman v. Henry Mayo Newhall Mem'l Hosp*, which found that the defendant's reliance on section 514 was an affirmative defense that does not give rise to section 301 preemption. 65 F. Supp. 3d 932, 954 (C.D. Cal. 2014). *Vasserman* was decided before *Curtis* and relied on caselaw explicitly abrogated by that decision. *See id* at 954-55; *see also Curtis*, 913 F.3d at 1155.

[4] In light of this ruling, the court does not address THC's argument that Fennix failed to allege sufficient facts to support her overtime claim. *See* MTD Mot. at 27. The court also need not reach the second step of the *Burnside* test because if the right at issue "exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Burnside*, 491 F.3d at 1059.

on-call during all meal periods. She also asserted that THC completely failed to provide rest breaks.

THC argues that the statutory exemption under Labor Code § 512(e) preempts Fennix's meal break claim. That section states that the default meal period requirements do not apply if (1) "[t]he employee is covered by a valid collective bargaining agreement" and (2) the CBA "expressly provides for the wages, hours of work, and working conditions of employees," among other requirements. *See* Labor Code § 512(e). However, THC is mistaken because Labor Code § 512(f) clarifies that the section 512(e) exemption only applies to employees working in a construction occupation, as commercial drivers, in the security services industry, or for a publicly owned electric utility. *See* Labor Code § 512(f). THC does not argue, nor do the allegations in the complaint suggest, that Fennix worked in any of the listed industries.[5] When pressed on this point at the hearing, THC conceded that section 512(f) does not apply. Therefore, Fennix's right to meal periods exists independent of the CBA. Accordingly, her meal period claim does not fail at the first step of the *Burnside* analysis. *See Gunther v. N. Coast Coop., Inc.*, No. 20-cv-02325-RMI, 2020 WL 3394547, at *7 (N.D. Cal. June 19, 2020) ("Because the CBA does not meet § 512(e) exemption requirements, Plaintiff's right to meal periods exists independently of the CBA, and preemption does not attach at the first step of the *Burnside* test."). The rest period claim also passes the first step of the analysis because THC does not argue that a statutory exemption preempts that claim.

The second step of the *Burnside* test looks at whether the asserted right is "substantially dependent on analysis of a collective-bargaining agreement," and if so, the claim is preempted under section 301. *Burnside*, 491 F.3d at 1059 (quoting *Caterpillar*, 482 U.S. at 394) (further citations omitted). But if the claim can be resolved by "looking to" instead of "interpreting" the CBA, the claim is not preempted. *Id.* at 1060. THC identifies several portions of the CBA that it argues the court will have to interpret in order to decide Fennix's meal and rest break claims. Remand Opp. at 13-16. First, the CBA provides that employees are permitted to take two ten-minute rest breaks and one forty-minute meal period on each shift. CBA, Art. 7 §§ 2, 5. At the hearing, THC argued that

---

[5] THC relies on *Araquistain v. Pac. Gas & Elec. Co.*, but the plaintiffs in that case worked for a publicly owned electric utility as defined under section 512(f). *See* 229 Cal. App. 4th 227, 230 (2014).

8

the court would have to interpret the terms "shift" and "permit," but did not provide any examples of situations in which interpretation of those terms would be necessary in the context of this case. The court also has not been able to identify any ambiguity relevant to Fennix's claim that she was not provided rest breaks or uninterrupted meal periods. Second, THC notes that the CBA requires employees who work in a "public customer service position," such as desk clerks and administrative staff, to have another employee or manager cover the front desk while the employee takes a meal break. *Id.* § 5. The court does not need to decide whether Fennix's position is a "public customer service position" in order to determine whether she was denied rest breaks or uninterrupted meal periods. Third, the CBA states that "[t]he parties agree, subject to California State Law, to consider alternative work schedules that improve effectiveness of the workforce and the delivery of service." *Id.* § 7. Fennix's allegations do not suggest that the court will need to interpret "alternative work schedules" and THC again did not offer examples of why such interpretation might be necessary. Finally, the CBA provides that "any practice, policy or working condition in existence prior to the negotiation of this CBA, that is beneficial to Employees but not addressed in this CBA, shall continue in force; unless or until the parties mutually agree otherwise." *Id.* § 18. According to THC, the court would have to interpret the significance of the parties' past practices in order to evaluate Fennix's right to meal and rest periods. THC's argument is unconvincing. Because the meal and rest period claims arise under state law rather than from the CBA, the court need only "determin[e] Defendants['] actual policies and procedures over the class period, as well as the requirements of California law." *McGhee v. Tesoro Ref. & Mktg. Co. LLC*, 440 F. Supp. 3d 1062, 1069 (N.D. Cal. 2020) (White, J.). While the CBA or the parties' past practices may provide evidence of THC's meal and rest break policies, "the focus remains on Defendants' actions, not the CBAs' authorizations." *Id.*; *see also Gunther*, 2020 WL 3394547 (holding that the parties' past practices could be considered as evidence in resolving the plaintiff's claims but did not require interpretation). In other words, "whether Defendants violated or complied with the CBAs has no import whether they also violated [] California law." *McGhee*, 440 F. Supp. 3d at 1069.

In addition, THC has not shown that any of the referenced terms are "actively disputed." *See id.*; *see also Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994) ("[W]hen the meaning of contract

terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."); *Linebarger v. Graphic Packaging Int'l, LLC*, 2020 WL 1934958, at *6 (C.D. Cal. Apr. 22, 2020) ("[A]s to the rest periods, [the defendant] has done no more than make a conclusory allegation that the Court will have to interpret whether their right to alter when breaks are taken under the CBA violates the relevant wage order without showing that this is actually in dispute."). Thus, THC at most has articulated a "hypothetical connection" between Fennix's meal and rest period claims, which is insufficient to show preemption. *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 692 (9th Cir. 2001), *as amended* (Aug. 27, 2001) ("A creative linkage between the subject matter of the claim and the wording of a CBA provision is insufficient; rather, the proffered interpretation argument must reach a reasonable level of credibility.").

THC's caselaw to the contrary is readily distinguishable. In *Marquez v. Toll Global Forwarding*, the district court found that the plaintiff's meal and rest break claims passed the first prong of the *Burnside* test but failed under the second because they required substantial interpretation of the CBA. 2018 WL 3218102, at *3 (C.D. Cal. June 28, 2018). The Ninth Circuit affirmed the decision on the meal period claim, but on different grounds. *See* 804 F. App'x 679, 680 (9th Cir. 2020). It decided that the meal period claim was statutorily barred under Labor Code § 512(e) and specifically noted that the district court erred for failing to recognize the applicability of that exemption. *See id.* n. 2. As explained above, the exemption in section 512(e) does not apply here. While the Ninth Circuit also affirmed the district court's decision on the rest break claim, it noted that the parties "actively dispute[d]" the meaning of the CBA's terms with respect to rest periods. *Id.* at 681. By contrast, there is no apparent dispute about the terms of the CBA in this case. THC's citation to the lower court's decision in *Curtis* is unavailing because the Ninth Circuit remanded the meal and rest break claims in that case for further consideration. *See* 2016 WL 4975188, at *3-4 (C.D. Cal. Sept. 16, 2016), *remanded in relevant part by Curtis*, 913 F.3d at 1156. *Blackwell v. SkyWest Airlines, Inc.* is also inapplicable, since that case addressed preemption under the Railway Labor Act and not the LMRA. 2008 WL 5103195 (S.D. Cal. Dec. 3, 2008). The court noted that resolution of the plaintiff's meal and rest period claims would require interpretation of

the CBA's relation to "federal aviation safety and security mandates." *Id.* at 14. There is no apparent or asserted parallel between the considerations in *Blackwell* and the LMRA preemption issues in this case. Finally, *Greenly v. Sara Lee Corp.* was decided before the Ninth Circuit's decision in *Burnside* and did not apply the two-step test articulated in that case. *See* 2006 WL 3716769, at *4 (E.D. Cal. Dec. 15, 2006).

In sum, THC has not shown that resolving Fennix's meal and rest period claims will require interpretation of the parties' CBA. Thus, these claims are not preempted by section 301.

### d. Failure to Reimburse Necessary Business Expenses

Labor Code § 2802 requires employers to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ." Cal. Labor Code § 2802. Fennix alleges that THC violated section 2802 and related provisions of the IWC Wage Orders by "failing to pay and indemnify the Plaintiff and the Class for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties," including "use of their own vehicles." Compl. ¶¶ 18, 58. At the hearing, Fennix represented to the court that this claim only relates to THC's failure to reimburse employees for the mileage expenses they incurred in traveling to clients' residences. THC argues that the section 2802 is preempted by the LMRA because it would require interpretation of some portions of the CBA. *See* CBA Arts. 7 § 4, 12 § 4, 14 § 6.

THC's argument is again unpersuasive. Article 7 § 4, titled "Last Minute Call," provides terms for reimbursement when an employee is required to work on short notice. Article 12 § 4 explains the terms for reimbursing employees for cell phone use. Article 14 § 6 details the circumstances under which employees are reimbursed for costs (including mileage) for attending work-related training events. None of these provisions relates to Fennix's claim for reimbursement based on travel expenses for meeting clients at their residences.[6]

---

[6] At the hearing, the court acknowledged that Fennix's claim could potentially overlap with the Last Minute Call section, if the client meetings were required on short notice and client residences could be considered "facilities" under the terms of that section. However, this possible connection is too attenuated and speculative to find preemption. *See Cramer*, 255 F.3d at 691-92 ("[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim . . . .").

11

Therefore, the court finds that Fennix's section 2802 claim arises under state law and is not preempted by the LMRA.

### e. Derivative Claims

Fennix's sixth, seventh, and eighth claims allege that THC failed to timely pay wages upon separation, failed to provide accurate and itemized wage statements, and violated the UCL. THC argues that these claims are derivative of Fennix's overtime and meal/rest period claims and so they must also be preempted. The court rejects this argument since it found above that Fennix's meal and rest period claims are not preempted by the LMRA. Therefore, to the extent that Fennix's remaining claims are derivative of her meal and rest period claims, those claims are not preempted.

In sum, the court finds that Fennix's claim for failure to pay overtime is preempted by section 301 of the LMRA. Fennix's claims for failure to pay minimum wages, provide meal and rest periods, and reimburse for necessary business expenses are not preempted.

### 2. Failure to Exhaust Grievance Procedures

THC argues that Fennix's preempted claims should be dismissed because she failed to follow THC's mandatory grievance process with respect to those claims. The court need not reach this argument because Fennix acknowledged at the hearing that she is not attempting to convert any preempted claim into a claim under section 301. The non-preempted claims are brought under state law and therefore do not require a grievance process.

As explained above, Fennix's claim for overtime is preempted. She does not seek to sue THC for a violation of the CBA based on that claim. Accordingly, Fennix's overtime claim is dismissed.

### B. State Law Claims

THC argues that unpaid meal period premiums cannot support derivative claims for waiting time penalties under Labor Code § 203 or penalties for inaccurate wage statements under Labor Code § 226(a). MTD Mot. at 26-27. It also argues that Fennix's claim for injunctive relief must be dismissed because she lacks standing. *Id.* at 26. The court does not reach these arguments in light

of its decision to remand Fennix's remaining state law claims, as discussed below.

### C. Leave to Amend

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that point, Rule 15(a) provides generally that leave to amend the pleadings before trial should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In the absence of an "apparent" reason, such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Sols., Inc*., 194 F.3d 980, 986 (9th Cir. 1999). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "Granting leave to amend does not necessarily mean that the underlying allegations ultimately have merit." *FlatWorld Interactives LLC v. Apple Inc*., 12-CV-01956-WHO, 2013 WL 6406437, at *3 (N.D. Cal. Dec. 6, 2013). "Rather, '[a]bsent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.'" *Id*. (quoting *Eminence Capital*, 316 F.3d at 1052).

In this case, the court dismissed Fennix's overtime claim on the basis that it is preempted by the LMRA. Amendment of the claim would be futile, since "[p]reemption is almost always a legal question, the resolution of which is rarely aided by development of a more complete factual record." *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1145 (9th Cir. 2015) (quotation marks and citation omitted) (finding that leave to amend a claim preempted by federal law would be futile); *Batchelor v. Oak Hill Med. Grp.*, 870 F.2d 1446, 1450 (9th Cir. 1989) (holding that the district court did not err in denying leave to amend where the plaintiff's proposed amendments would still be preempted under federal law). At the hearing, Fennix did not offer any proposed amendments that could potentially save her overtime claim from preemption. Accordingly, that claim is dismissed

13

without leave to amend.

## IV.     MOTION TO REMAND

Fennix moves to remand the case back to California state court on the basis that she only pleaded state law claims and therefore there is no federal question for this court to resolve. THC opposes, arguing that Fennix's claims are preempted by section 301 of the LMRA and therefore invoke federal question jurisdiction. The court has addressed all of the preemption issues in relation to THC's motion to dismiss. Although the court finds that one of Fennix's claims is preempted, the remaining state law claims remain viable and can be tried in a judicial forum. The only remaining question is whether the remaining state law claims should be remanded since they do not raise questions of federal law.

Where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over related state law claims. *See* 28 U.S.C. § 1367(a), (c)(3). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Where all federal claims are dismissed early in a case and the remaining state law claims do not implicate federal policies, the court should decline to exercise supplemental jurisdiction over the state law claims. *Id.* at 350, 351 (noting that, in a removal case where "the single federal-law claim in the action was eliminated at an early stage of the litigation," the district court "had a powerful reason to choose not to continue to exercise jurisdiction"). The principles articulated in *Carnegie-Mellon Univ.* are compelling here. This case is in the early stages of litigation. The only federal question raised was the extent to which the LMRA preempts some of Fennix's claims and that issue is now resolved. THC has not raised any reason to exercise supplemental jurisdiction over the surviving claims. *See Bradford*, 2020 WL 2747767 at *9 (finding some claims preempted under section 301 of the LMRA and remanding the rest to state court).

Accordingly, the court grants Fennix's motion to remand insofar as it relates to her remaining state law claims.

14

## V.  CONCLUSION

For the reasons stated above, THC's motion to dismiss is granted as to Fennix's claim for failure to pay overtime.  Any claim based on section 204 for untimely payment of semimonthly wages is also dismissed, since Fennix conceded that she does not have a section 204 claim.  Fennix's motion to remand is granted as to all remaining claims.

**IT IS SO ORDERED.**

Dated: November 3, 2020



Donna M. Ryu
United States Magistrate Judge